```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
VICKY VIJ,                                                             :
                                                                       :
                            Plaintiff,                                 :
                                                                       :            24-cv-1621 (LJL)
            -v-                                                        :
                                                                       :            MEMORANDUM AND
AKSHAY JHANJEE, et al.                                                 :                 ORDER
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/8/2023___
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Vicky Vij ("Plaintiff") moves, pursuant to 28 U.S.C. § 1447, to remand this case to New York State Supreme Court, New York County. Dkt. No. 14. For the foregoing reasons, the motion is denied.

## BACKGROUND

Plaintiff initiated this action in New York State Supreme Court on February 23, 2024, by Summons with Notice ("Summons and Notice"), along with a Proposed Order to Show Cause. Dkt. No. 1 ¶ 1. The Summons and Notice named as Defendants Akshay Jhanjee, individually and doing business as Bukhara Grill; Jhanjee Hospitality, LLC; RMCBGNY, Inc.; RMBGNJ, LLC; Malini Jhanjee; Arnav Jhanjee; and Raja Jhanjee (collectively, "Defendants"). Dkt. No. 1-1 at 1. The Summons and Notice states: "Plaintiff's claims arise out of New York common law unfair business practices, misappropriation of business opportunities, and unfair competition arising under the 'Lanham Act' including false advertising, false designation of origin and false endorsement, as well as trademark infringement." *Id.* at 3. In brief, Plaintiff alleges that he has operated a "well renowned restaurant serving Indian food in New York City" under the name

"Bukhara Grill,"[1] and that Defendants have misappropriated the goodwill associated with that name and misled customers to believe that they are associated with Bukhara Grill by recently converting an existing storefront in New Jersey and doing business under the name Bukhara Grill.  *Id.* at 3–5.

On March 2, 2024, Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction under 28 U.S.C. § 1338.  Dkt. No. 1.[2]  Plaintiff filed this motion to remand on March 6, 2024.  Dkt. No. 14.  Defendants filed a memorandum of law in opposition to the motion on March 26, 2024.  Dkt. No. 20.  Plaintiff has not filed a reply memorandum.

## DISCUSSION

Plaintiff argues that the case was improperly removed and should be remanded because federal subject matter jurisdiction is lacking.  Dkt. No. 15 at 2–3.  Implicitly acknowledging that he invoked the federal Lanham Act in his state court Summons and Complaint, Plaintiff states "it has now come to light that Defendants have actually engaged in a written contract . . . in which they conspired against Plaintiff to misappropriate the goodwill of Plaintiff's business for the benefit of themselves."  *Id.* at 2.  In short, Plaintiff asserts that he had a contract with Defendant Raja Jhanjee for the operation of the Bukhara Grill and use of its name and that Raja Jhanjee has breached that contract by licensing his son Akshay Jhanjee to operate a restaurant under the same name in New Jersey.  *Id.*  Accordingly, Plaintiff argues, "The instant action is not a trademark infringement action."  *Id.* at 1.

---

[1] The New York City Bukhara Grill is now operating as a catering business.  Dkt. No. 1-1 at 3–4.
[2] On February 28, 2023, the New York State Supreme Court issued a temporary restraining order.  Dkt. No. 1 ¶ 2.  The Court granted Defendants' motion to vacate the temporary restraining order on March 7, 2024.  Dkt. No. 22.

2

A motion to remand for lack of subject matter jurisdiction may be brought at any time while the action is pending in federal court, pursuant to 28 U.S.C. § 1447(c).  The party who removed an action from state court to federal court bears the burden of proving federal jurisdiction.  *See Cal. Pub. Emps. Ret. Syst. v. WorldCom. Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *accord United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  As a general matter, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand." *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019).  "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (cleaned up).

The federal removal statute provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Shapnik v. Hebrew Home for the Aged at Riverdale*, 535 F. Supp. 3d 301, 310 (S.D.N.Y. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  The Second Circuit has held that a New

York State summons with notice "may constitute an initial pleading for purposes of the federal removal statute."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001).[3]

This case was properly removed.  The Summons and Notice on their face raise a federal question.  Plaintiff asserts claims under the federal Lanham Act.  Dkt. No. 1-1 at 3.  He also seeks remedies under the Lanham Act, including that Defendants be restrained from engaging in "false advertising, false designation or origin and false endorsement, as well as trademark infringement" under the Lanham Act.  Dkt. No. 1-1 at 10.  He therefore raises a claim under the Lanham Act.  *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 70 (2d Cir. 2010); *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 377 (S.D.N.Y. 2000); *Foxrun Workshop, Ltd. v. Klone Mfg., Inc.*, 686 F. Supp. 86, 90 (S.D.N.Y. 1988).  It is irrelevant that, as Plaintiff now claims, "[t]he overwhelming authorities of the legal brief filed in support of Plaintiff's claims are supported by Plaintiff's State law claims."  Dkt. No. 15 at 2.  "'[T]he presence of even one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.'"  *T & M Meat Fair, Inc. v. United Food & Com. Workers, Loc. 174, AFL-CIO*, 210 F. Supp. 2d 443, 448 (S.D.N.Y. 2002) (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998)).

Plaintiff asserts that "[o]n March 6, 2024,"—after the case was removed—Plaintiff's counsel filed the complaint, pleading and seeking damages for nine (9) causes of action, none of which are federal question claims and that "no federal question issues are pled, nor is federal

---

[3] New York C.P.L.R. 305(b) provides: "If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default."  In New York practice, an action can be commenced by the filing of the summons and complaint or summons and notice.  Siegel, N.Y. Prac. § 60 (6th ed. 2023).

theory cited" in Plaintiff's state court complaint. Dkt. No. 15 at 2–3. Plaintiff cannot divest this Court of jurisdiction by purporting to file a complaint in state court after removal and eliminating the federal question upon which the removal notice was based. *See, e.g.*, *Phoenix Glob. Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, 2004 WL 2360033, at *3 n.2 (S.D.N.Y. Oct. 19, 2004) (relying on initial pleading that was not a complaint to determine whether removal was proper); *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486–87 (2d Cir. 1998). Under federal law, once a case has been removed by the filing of a notice of removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020) ("A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court . . . . A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court." (quoting *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*, 2016 WL 6462387, at *7 (S.D.N.Y. Nov. 1, 2016))). "Under 28 U.S.C. § 1446(d), all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court." *Kane v. St. Raymond's Roman Cath. Church*, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) (Nathan, J.). Plaintiff's state-court complaint is thus "void." *Id.* In Plaintiff's state-court Summons, which is the relevant filing here, he asserted claims for "unfair competition arising under the 'Lanham Act' including false advertising, false designation of origin and false endorsement, as well as trademark infringement." Dkt. No. 1-1 at 3. This invocation of federal law is plainly sufficient to confer jurisdiction on this Court.

**CONCLUSION**

For the foregoing reasons, the motion to remand is denied. The Clerk of Court is respectfully directed to close Dkt. No. 14.

SO ORDERED.

Dated: April 8, 2024
      New York, New York

                                                LEWIS J. LIMAN
                                    United States District Judge